## Change of Name of Pennsylvania Housing Agency

PACKEL, Attorney General, December 7, 1973.— You have requested our opinion with regard to whether the Pennsylvania Housing Finance Agency (PHFA) and the Pennsylvania Housing Agency (PHA) are the

same body, for the purpose of section 505(a)(2) of the Fiscal Code of April 9, 1929, P. L. 343, as amended, 72 PS §505(a)(2).

The Act of December 3, 1959, P. L. 1688, as amended, 35 PS §1680.101, et seq., entitled the Housing Agency Law, created the Pennsylvania Housing Agency. That act was further amended by the Act of December 5, 1972 (No. 282). This amendment changed the name of the original enactment to the Housing *Finance* Agency Law (Act No. 282) supra, sec. 1, 35 PS §1680.101. The amendment changed the name of the agency from PHA to the Pennsylvania Housing *Finance* Agency and gave the PHFA additional powers. Act No. 282, supra, sec. 1, 35 PS §1680.13.

Section 505(a)(2) of the Act of April 9, 1929, P. L. 343, art. V, as amended, 72 PS §505(a)(2), entitled the Fiscal Code, enumerates the agencies and instrumentalities of the Commonwealth whose bonds may be used as security for Commonwealth deposits in various banks throughout the State. Among the agencies of the Commonwealth that the code enumerates is the Pennsylvania Housing Agency. Since the PHA Act has been amended by changing the name of the Agency to Pennsylvania Housing Finance Agency and the legislature did not change the name of the agency in Article V of the Fiscal Code, it is now necessary to determine whether the two agencies are actually the same body in order that PHFA bonds may be pledged as security for Commonwealth deposits.

Section 1938 of the Act of December 6, 1972 (No. 290), 1 Pa. S. §1938, entitled the Statutory Construction Act, directly resolves this question. Section 1938 of the Statutory Construction Act, supra, provides as follows:

" §1938. References to public bodies and public officers.

"A reference in a statute to a governmental agency, department, board, commission or other public body or to a public officer includes an entity or officer which succeeds to substantially the same functions as those performed by such public body or officer on the effective date of the statute, unless the specific language or the context of the reference in the statute clearly includes only the public body or officer on the effective date of the statute."

Hence, if the PHFA has retained substantially the same functions as the PHA, the reference to the PHA in section 505(a)(2) of the Fiscal Code must be read to mean to include the PHFA as the successor entity of the PHA.

As originally enacted, the Housing Agency Law was designed to provide low-cost housing to citizens of the Commonwealth by broadening the market for low-cost housing. To accomplish this purpose, the act authorized the PHA to make housing loans to qualified mortgagors, to prescribe interest rates and other terms of its housing loans, and, among other things, to borrow money upon its own credit by the issuance and sale of bonds.

The December 5, 1972 amendments to the act left these powers substantially intact and in two significant instances broadened the powers of the agency while changing the name of the PHA to PHFA. The PHFA was given the additional power to provide rental and housing purchase programs for low and moderate income housing. In addition, the bond provisions of the original enactment were amended to provide increased protection for the bond program and to allow the PHFA to use bond proceeds for the rental and housing purchase programs. These amendments in no way detract or alter the functions of the PHFA as originally intended by the legislature. The original

intention of the legislature was to provide low-cost housing in a market that was relatively inert, 35 PS §1680.102. This function remains substantially the same even though the names of both the act and the agency have been changed.

Therefore, it is our opinion, and you are hereby advised, that .the PHFA is the same body as PHA for purposes of section 505(a)(2) of the Fiscal Code. We are sending a copy of this opinion to Honorable Grace M. Sloan, State Treasurer, because of her interest in this question.